**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JUAN ANTONIO MORENO** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Civil Action** |
| **GEORGE N. TURNER, individually and as an officer of the Atlanta Police Department;** | ) | **File No.:** |
| **ROBERT L. BROWNING, individually and as an officer of the Atlanta Police Department;** | ) | ________________ |
| **CITY OF ATLANTA;** | ) | |
| **CRAIG O. GONSALVES-BARREIRO, individually and as an officer of the Atlanta Police Department;** | ) | **Jury Demand** |
| **MICHAEL HARRIS, individually and as an officer of the Atlanta Police Department;** | ) | |
| **JOHN DOE, individually and as an officer of the Atlanta Police Department;** | ) | |
| **(Collectively the Law Enforcement Defendants)** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BURFORD'S TREE, INC.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF UNDER 42 U.S.C. §§ 1981 and 1983 AND RELATED TORTS AND FOR RELIEF UNDER THE GEORGIA OPEN RECORDS ACT**

COMES NOW Plaintiff, JUAN ANTONIO MORENO, by and through undersigned counsel and files this Complaint against George N. Turner,

individually and as an officer of the Atlanta Police Department; Robert L. Browning, individually and as an officer of the Atlanta Police Department; City of Atlanta (hereinafter referred to as "City" or "Atlanta"); Craig O. Gonsalves-Barreiro, individually and as an officer of the Atlanta Police Department; Michael Harris, individually and as an officer of the Atlanta Police Department; John Doe, individually and as an officer of the Atlanta Police Department (collectively, the Law Enforcement Defendants); and Burford's Tree, Inc. (Employer) in the above styled action, alleging as follows:

## NATURE OF THE ACTION

1. This Complaint asserts a civil rights action pursuant to 42 U.S.C. § 1983 for damages and declaratory and injunctive relief to redress the Law Enforcement Defendants' violations of Plaintiff's rights under the United States Constitution to be free from unlawful searches and seizures without warrant, cause, or due process of law and to enjoy equal protection of law under the Equal Protection Clause. This Complaint also seeks redress for the numerous state law torts committed by the Law Enforcement Defendants supported by Burford's Tree, Inc., including, but not limited to false arrest, false imprisonment, intentional infliction of emotional distress, and gross negligence. Plaintiff also seeks relief against Burford's Tree, Inc. for race discrimination under 42 U.S.C. § 1981.

Finally, the Complaint asserts Georgia Open Records Act violations by the City of Atlanta.

2. This Complaint arises from incidents on May 3, 2011. Third-party Teresa Lyle-Barksdale (Defendant in prior related suit with the same Law Enforcement Defendants. Lyle-Barksdale was dismissed therefrom with prejudice, while the Law Enforcement Defendants were dismissed without prejudice.) very nearly ran Plaintiff's person over with her automobile, slandered his good name by indicating he was not a legal immigrant, and negligently operated her vehicle in violation of the rules of the road. These actions were followed by the unreasonable search and seizure of Plaintiff, failure to investigate leading to the false arrest and imprisonment of Plaintiff, the warrantless arrest of Plaintiff, the arrest without probable cause of Plaintiff, the unjustified use of force against Plaintiff, the racial profiling of Plaintiff, and other violations of Plaintiff's civil rights by the Law Enforcement Defendants, all of which violations were of Plaintiff's clearly defined and known constitutional rights. Burford's Tree, Inc. and its employees, managers, and agents knew that Plaintiff was wrongfully accused and yet did nothing to help him. In fact, they tried to blame him to protect their company. They did so with an improper race motive and thereby discriminated against Plaintiff because of his race (Hispanic) with regard to his contract or employment with them. This violated 42 U.S.C. § 1981.

## PARTIES

3. Plaintiff Juan Antonio Moreno is and was at all times relevant to this action, a citizen of the United States of America and the State of Georgia.

4. Defendant George N. Turner is, and at all relevant times was, Chief of Police for the City of Atlanta and a sworn police officer of the City of Atlanta. In his capacity as Chief of Police, Defendant George N. Turner is responsible for the management and operation of the City of Atlanta Police. In this capacity, Defendant also is specifically responsible for ensuring that City police officers complied with the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia, Fulton County, and the City of Atlanta. Furthermore, Defendant George N. Turner is responsible for the policies, practices, customs, and regulations of the City police, and for the hiring, training, supervising, and disciplining of agents, employees, and police officers of the City. Upon information and belief, at all relevant times Defendant George N. Turner had supervisory and managerial authority over Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe. Defendant George N. Turner was also directly responsible for the conduct and acts of his duly authorized officers, who, upon information and belief, comprised Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe. Upon information and belief, Defendant George N. Turner was charged with the

responsibility of ensuring that Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe complied with the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia, Fulton County, and the City. Defendant George N. Turner is sued individually and in his official capacity. Defendant George N. Turner is a citizen of the State of Georgia and may be served at the place of his employment, which is 226 Peachtree Street, SW Atlanta, Georgia 30303.

5. Defendant Robert L. Browning is, and at all relevant times was, the Zone 2 Commander for the City and a sworn police officer of the City. In his capacity as the Commander of Zone 2, Defendant Robert L. Browning is responsible for the management and operation of the City of Atlanta Police in Zone 2. In this capacity, Defendant also is specifically responsible for ensuring that Zone 2 police officers complied with the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia, Fulton County, and the City. Furthermore, Defendant Robert L. Browning is responsible for the policies, practices, customs, and regulations of the Zone 2 police force, and for the hiring, training, supervising, and disciplining of agents, employees, and police officers of the Zone 2 police force. Upon information and belief, at all relevant times Defendant Robert L. Browning had supervisory and managerial authority over Defendants Craig O. Gonsalves-

Barreiro, Michael Harris, and John Doe. Defendant Robert L. Browning was also directly responsible for the conduct and acts of his duly authorized officers, who, upon information and belief, comprised Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe. Upon information and belief, Defendant Robert L. Browning was charged with the responsibility of ensuring that Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe complied with the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia, Fulton County, and the City. Defendant Robert L. Browning is sued individually and in his official capacity. Defendant Robert L. Browning is a citizen of the State of Georgia and may be served at the place of his employment, which is 3120 Maple Dr. N.E. Atlanta, Georgia 30305.

6. Defendant City of Atlanta is a municipal governmental entity and maintains an office at 55 Trinity Avenue SW, Atlanta, Georgia, whose policies, practices, customs, and regulations were a moving force in the constitutional and statutory violations set out herein. Defendant City of Atlanta was also responsible for the hiring, training, supervising, and disciplining of agents, employees, and police officers of the City, and at all relevant times, was responsible for the policies, practices, customs, and regulations of the City of Atlanta, and for the hiring, training, supervising, and disciplining of agents, employees, and police

officers of the City. When Plaintiff sought to acquire information about the incidents at issue, the City of Atlanta, through its Atlanta Police Department Open Records Section failed to comply with the Georgia Open Records Act (GORA) and to provide him information to which he was entitled.

7. In May 2011, Defendant Craig O. Gonsalves-Barreiro was an officer of the Atlanta Police Department. Defendant was acting as the Reporting Officer as cited in the May 4, 2011 Incident Report. Defendant Craig O. Gonsalves-Barreiro is sued in his individual and official capacity. At all times pertinent to this action, Defendant Craig O. Gonsalves-Barreiro was acting under color of state law. Defendant Craig O. Gonsalves-Barreiro is an officer of the Atlanta Police Department's Zone 2, dayshift. Defendant Craig O. Gonsalves-Barreiro is a citizen of the State of Georgia and may be served at his place of employment, which is 3120 Maple Dr. N.E. Atlanta, Georgia 30305.

8. In May 2011, Defendant Michael Harris was an officer of the Atlanta Police Department. Defendant Michael Harris was a participant in the police action performed at the time of the incident of May 3, 2011. Defendant Michael Harris is sued in his individual and official capacity. At all times pertinent to this action, Defendant Michael Harris was acting under color of state law. Defendant Michael Harris is an officer, rank of lieutenant, of the Atlanta Police Department's Zone 4, dayshift. Defendant Michael Harris is a citizen of the State of Georgia and

may be served at his place of employment, which is 1125 Cascade Cr. S.W. Atlanta, Georgia 30311.

9. Defendant John Doe is an officer of the Atlanta Police Department, whose identity is presently unknown to Plaintiff. Defendant John Doe is sued in his individual and official capacity. At all times pertinent to this action, Defendant John Doe was acting under color of state law. Doe participated or failed to intervene in the described deprivations of Plaintiff's rights.

10. Teresa Lyle-Barksdale was operating her vehicle when she struck Plaintiff due to her gross negligence, at which time she proceeded to make false allegations against Plaintiff, which resulted in his false arrest. Burford's Tree, Inc., is an Alabama Corporation, and was Plaintiff's employer at the time of the incident. It may be served through its registered agent CT Corporation System at 2 North Jackson Street, Suite 605, Montgomery, AL 36104. Burford's employees, managers, and agents did nothing to stop what they knew to be wrongful treatment against Plaintiff because of his race. They thereby discriminated against Plaintiff, a Hispanic male and member of a protected class, based upon his race in violation of 42 U.S.C. §1981. They also tried to force blame upon Plaintiff to protect the company, discriminating against Plaintiff and in favor of Lyle-Barksdale, a white female.

## JURISDICTION AND VENUE

11. Plaintiff's federal claims arise under the Fourth and Fourteenth Amendments to the United States Constitution, the Equal Protection Clause, and under 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

12. Plaintiff's state law claims include the same transactions and controversy as Plaintiff's federal claims and additional facts. Plaintiff's state law claims arise under Georgia tort law as codified in O.C.G.A. §§ 51-1-1 et seq., including § 51-7-1 (false arrest), § 51-7-20 (false imprisonment), § 51-1-6 (breach of legal duty), Georgia law of negligence, the Georgia Constitution, and other state laws. Plaintiff also has state law claims under the Georgia Open Records Act (O.C.G.A. § 50-18-70, et seq.).

13. This court has jurisdiction over this action at least pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1367 (supplemental jurisdiction).

14. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because at least one Defendant resides in this district and most Defendants reside in this State, and because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred within this district.

15. Plaintiff provided the City of Atlanta with notice of his allegations by letter sent to Ceasar C. Mitchell, President of the Atlanta City Council, via first

class mail on October 26, 2011; Kasim Reed, Mayor of Atlanta, via certified mail on October 26, 2011; and the City of Atlanta, via certified mail on October 26, 2011, in accordance with Georgia's municipal *ante litem* notice statute, O.C.G.A. § 36-33-5.

## ALLEGATIONS OF FACT

16. Midday, at or about 13:06, on or about May 3, 2011, Plaintiff Juan Antonio Moreno was engaged in work as a flagger for Burford's Tree, Inc., as agent for Georgia Power at the work site near 377 Peachtree Battle Avenue, in the City of Atlanta, in the County of Fulton, State of Georgia.

17. Ms. Teresa Lyle-Barkdale was driving while talking on her phone and Plaintiff was flagging and indicating for her to stop.

18. Plaintiff is a trained flagger and was acting to protect the safety of workers, drivers, and other passers-through as Georgia power lines were kept in good working order by care of the vegetation around them.

19. Ms. Lyle-Barksdale did not stop as she should have per Plaintiff's flag signage and hit Plaintiff with her automobile.

20. Ms. Lyle-Barksdale called the police and reported a fight with a weapon to attempt to avoid the consequences of her actions.

21. Ms. Lyle-Barksdale demanded to know whether Plaintiff was "legal" because of his Hispanic appearance in attempt to intimidate him.

22. Ms. Lyle-Barksdale's actions resulted in the arrest of Plaintiff.

23. Officer Craig O. Gonsalves-Barreiro arrested Plaintiff without inquiring sufficiently of him about what happened or taking apparently any notice at all of the fact he was a safety worker engaged in his duties.

24. Officer Craig O. Gonsalves-Barreiro had Plaintiff place his hands on his patrol car, had him spread his legs, and then frisked him.

25. Officer Craig O. Gonsalves-Barreiro told Plaintiff that damaging someone's car was a crime.

26. Officer Craig O. Gonsalves-Barreiro had no reason to believe that Plaintiff would harm anyone's property or person.

27. Officer Craig O. Gonsalves-Barreiro knew that Plaintiff was working to assure the safety of workers, drivers, and others.

28. Officer Craig O. Gonsalves-Barreiro placed Plaintiff under arrest and then put him in the back of a patrol car.

29. Plaintiff was held in the back of the patrol car for approximately 40-60 minutes.

30. Inside the patrol car, Plaintiff endured very high temperatures and saturated his clothing with sweat.

31. While Plaintiff was inside the patrol car, the windows were rolled up and the air conditioner was off for approximately the first 30 minutes.

32. Because of the lack of circulation of air inside the vehicle, unlike outside, there was no relief from the heat.

33. While inside the patrol car, Plaintiff overheard Defendant Gonsalves-Barreiro talking on the radio. As Barreiro reported details about the situation, the person on the other end replied, asking, "Why did you arrest him?"

34. While Plaintiff was held under arrest, Ms. Lyle-Barksdale remained outside, without handcuffs, and without being arrested.

35. Plaintiff was jarred by Ms. Lyle-Barksdale with her car, and subjected to mental anguish and the intentional infliction of severe emotional distress by all defendants.

36. Plaintiff was humiliated and held prisoner because of Ms. Lyle-Barksdale's outrageous false statements, because of the false statements and actions of Burford's, and because of the failure of the officers on the scene to take in and consider his position, to make further inquiry of available witnesses at the scene, and to investigate basic evidence—including the plainly obvious—before invoking the power of warrantless arrest and detention.

37. Plaintiff was falsely arrested and falsely imprisoned.

38. No criminal charges were ever filed against Plaintiff in connection with the incident.

39. At all relevant times, Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe were sworn officers of the City of Atlanta, Fulton County, State of Georgia, and were acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia, Fulton County, and the City of Atlanta.

40. Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe were acting under the authority of their office and within the scope of their employment as police officers.

41. At all relevant times, Defendants City of Atlanta, Chief George N. Turner, and Commander of Zone 2, Robert L. Browning, were vested with the obligation of ensuring that the police officers of the City of Atlanta, including Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and Jon Doe , complied with the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia, the City of Atlanta, the Atlanta Police Department, the Constitution of the United States of America, and the Constitution of the State of Georgia.

42. The Defendants, specifically Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe, knew or should have known that Plaintiff and his person, were protected by clearly established rights, including rights granted under at least the Fourth and Fourteenth Amendments (to be free from unreasonable search and

seizure and to be given due process of law) and Equal Protection Clause (right not to be racially discriminated against or treated in an irrational and wholly arbitrary manner) of the Constitution of the United States of America and Article I, Section I, Paragraphs XIII and XVII of the Constitution of the State of Georgia.

43. Plaintiff has a right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution and Article I, Section I, Paragraph XIII and XVII of the Constitution of the State of Georgia.

44. Plaintiff has a right not to be deprived of liberty without due process of law in violation of the Fourteenth Amendment to the United States Constitution and Article 1, Section I, Paragraph I of the Constitution of the State of Georgia.

45. Plaintiff has a right not to be treated in an irrational and wholly arbitrary manner in violation of the Equal Protection Clause of the United States Constitution.

46. The Law Enforcement Defendants knew or should have known about Plaintiff's constitutional rights. They knew or should have known that they violated Plaintiffs' clearly established constitutional rights when, without inquiring about whether Plaintiff was hurt or sufficiently about the events in which Ms. Lyle-Barksdale hit him with her car, they arrested Plaintiff, held him, and treated him like a criminal because he appeared to be Hispanic, in violation of Article 1, Section 1, Paragraph II of the Constitution of Georgia and the Fourteenth

Amendment to the United States Constitution. The Defendants intentionally inflicted mental anguish and severe emotional distress upon Plaintiff.

47. Upon information and belief, the Law Enforcement Defendants' policies, practices, and customs proximately caused the constitutional deprivations and injuries suffered by Plaintiff.

48. The policy of the City of Atlanta Police Department that "A physical arrest will be made if:" "2. There is reason to believe that the person poses a continued threat to the community or himself or herself" is vague and intentionally left as such and vulnerable to irrational and wholly arbitrary action by officers. Atlanta Police Department Procedure 4.1.9 Physical Arrest.

49. The policy of the City of Atlanta Police Department to make complete and accurate documentation is by practice, custom, (and on information and belief) training, and discipline not actually or fully enforced, despite that Atlanta Police Department Procedure 4.2.2 states "The arresting officer is responsible for submitting complete and accurate documents, for the preservation of evidence."

50. Atlanta Police Department Procedure 4.2.11 – 66(a) states, "The narrative is the most important part of the incident report."

51. Atlanta Police Department Procedure 4.2.11 – 66(b)(1) states, "Write the narrative in sequential chronological order. If a person was arrested, the[n sic]

indicate of [sic should be that] the arrestee was searched and read their Miranda Rights and by whom."

52. Plaintiff was searched and arrested.

53. This was not recorded in the incident report.

54. This failure was in effort to conceal what was known to be an irrational and wholly arbitrary violation of Plaintiff's rights.

55. Here, the incident report prepared by Officer Craig O. Gonsalves-Barreiro completely fails to mention his arrest of Plaintiff and is not complete.

56. On information and belief, Officer Craig O. Gonsalves-Barreiro was never disciplined for concealing his search and arrest of Plaintiff.

57. On information and belief the Atlanta Police Department and its officers have conspired to conceal this misconduct.

58. Plaintiff has twice made open records requests for records with regard to the investigation of the incident of his arrest.

59. The Atlanta Police Department has never complied with Plaintiff's requests within the time allowed by the Georgia Open Records Act or at all.

60. Because of the recklessness of the Law Enforcement Defendants' actions, qualified immunity is not a defense available to any Law Enforcement Defendant sued in his individual capacity.

## FIRST CLAIM FOR RELIEF

**(Unconstitutional Search and Seizure without Due Process)**
**Violation of the Fourth and Fourteenth Amendments to the United States Constitution Brought Under 42 U.S.C. § 1983**
**(by Plaintiff against Defendants George N. Turner, Robert L. Browning, City of Atlanta, Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe)**

61. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

### Unreasonable Seizure

62. Defendants, acting under color and authority of state law, have recklessly, maliciously, and intentionally deprived Plaintiff of his rights, privileges, and immunities secured by the United States Constitution and its laws in violation of 42 U.S.C. § 1983.

63. Defendants recklessly, maliciously, and intentionally deprived Plaintiff of his Fourth Amendment and Fourteenth Amendment rights, including the prohibition against unreasonable search and seizures and the prohibition against the deprivation of liberty without due process of law.

64. At the time of the incident, Defendants Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe failed to consider Plaintiff's position, to make further inquiry of available witnesses at the scene, and to investigate basic evidence before invoking the power of warrantless arrest and detention of Plaintiff.

65. Some or all of the Defendants in their supervisory capacity including but not limited to Chief George N. Turner, and Commander of Zone 2, Robert L.

Browning violated Plaintiffs' civil rights. In such supervisory capacity, their acts or inactions were a legal causal connection of said deprivations. Alternatively, (1) upon information and belief, there was a history of widespread abuse of similar violations of citizens' rights which put the responsible Defendant supervisor(s) on notice of the need to prevent the alleged deprivation. On information and belief, the Atlanta Police Department knew about this and like incidents, concealed and conceals their production in open records requests, and has instituted a campaign to recruit more Spanish speakers because it knows it is making frequent civil rights violations and arresting people in inappropriate circumstances violative of their rights. Defendant supervisor(s) failed to prevent such a deprivation in this case; (2) upon information and belief said defendant supervisors' custom, practice, or policy resulted in deliberate indifference to constitutional rights of Plaintiffs; and/or (3) upon information and belief the facts support an inference that the supervisor Defendants directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so. Here evidence including the arrest, the failure to document that arrest, and the lack of discipline prove this inference.

66. Each Individual Defendant present during the incident exercised his authority as a police officer to effect search and seizure of Plaintiff.

67. The seizure of Plaintiff was excessive action and unreasonable in duration and scope.

68. The seizure of Plaintiff was an arrest, for which probable cause was required.

69. The arrest of Plaintiff was unreasonable.

70. Plaintiff was aware of his arrest and confinement and did not believe he was free to leave.

71. As a result of Defendants' actions in depriving Plaintiff of his civil rights in violation of 42 U.S.C. § 1983, Plaintiff has suffered damages, including, pain and suffering, mental anguish, and severe emotional distress.

72. Further, at the time of this incident, the law was clearly established that Defendants' actions were a violation of Plaintiff's rights.

73. Defendants Michael Harris and John Doe were present during the unreasonable seizure of Plaintiff by Defendant Craig O. Gonsalves-Barreiro. Said Defendants had a duty to intervene when these constitutional violations took place in their presence in order to protect Plaintiff from the unconstitutional acts, but failed to do so, and they are directly and personally liable for their nonfeasance under 42 U.S.C. § 1983.

74. Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

**Unreasonable Search**

75. Defendants had no reasonable belief that Plaintiff was armed and dangerous or posed any threat, continued or otherwise.

76. Defendant was working as a flagger toward the end of public and worker safety.

77. Defendants had neither a warrant, nor probable cause plus exigent circumstances, authorizing the search of Plaintiff.

78. Each Individual Defendant present at the incident exercised his authority as a police officer to effect the search of Plaintiff.

79. The search of Plaintiff, including forcible and unconsented searching of Plaintiff's person, seizing personal articles including keys, cash, wallet, and driver's license, and other identification documents, were unreasonable.

80. Defendants acted with reckless, deliberate, and callous indifference to the constitutionally protected rights of Plaintiff.

81. Defendants Michael Harris and John Doe were present during the unreasonable search of Plaintiff by Defendant Craig O. Gonsalves-Barreiro. Said Defendants had a duty to intervene when these constitutional violations took place in their presence in order to protect Plaintiff from the unconstitutional acts, but failed to do so, and they are directly and personally liable for their nonfeasance under 42 U.S.C. § 1983.

82. As Police Officers, the Defendants knew or should have known about Plaintiff's clear constitutional rights as they relate to this case.

83. It was clearly established on May 3, 2011 that detaining, arresting, and searching Plaintiff, about whom officers had no reasonable suspicion or probable cause, simply because of one person's, out of numerous witnesses, self-serving statement, to elude payment of damages and punishment herself, which statement was wholly inconsistent with the evidence, would violate Plaintiff's clearly-established constitutional rights.

84. The Defendants had fair warning that their conduct would violate the United States Constitution, and no reasonable officer could have believed that the detention, arrest, and search of Plaintiff was legal.

85. Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

## SECOND CLAIM FOR RELIEF

**(Unconstitutional Search and Seizure in Violation of Equal Protection of Law by Racial and Sex Discrimination)**
**Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution Brought Under 42 U.S.C. § 1983**
**(by Plaintiff against Defendants George N. Turner, Robert L. Browning, City of Atlanta, Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe)**

86. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

87. The search and seizure of the Plaintiff by the Law Enforcement Defendants was a violation of his right to equal protection of law in that it was racially discriminatory or discriminated on the basis of sex.

88. Lyle-Barksdale had committed traffic violations and endangered the life of Plaintiff, yet she was not searched or arrested.

89. Plaintiff was no more likely than Lyle-Barksdale to have a weapon.

90. Plaintiff was no more likely than Lyle-Barksdale to endanger any person or property, and any allegation to the contrary is pre-textual.

91. Atlanta Police Department Procedure 4.11.3 Sentence 2 violates the Equal Protection Clause, stating "The Atlanta Police Department reserves the right to detain a subject who is suspected to be an undocumented alien and notify the appropriate federal authority, when the individual has become involved in a non-immigration related investigation."

92. This procedure violates the Equal Protection Clause because it creates suspicion of Hispanic citizens such as Plaintiff and creates unlawful search and detention situations such as in the instant case.

93. As result of Defendants' actions in depriving Plaintiff of his civil rights in violation of 42 U.S.C. § 1983 and the described underlying constitutional violation, Plaintiff has suffered damages, including, pain and suffering, mental anguish, and severe emotional distress.

94. Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

**THIRD CLAIM FOR RELIEF**
**(Unconstitutional Search and Seizure in Violation of Equal Protection of Law – Class of One Claim)**
**Violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution Brought Under 42 U.S.C. § 1983**
**(by Plaintiff against Defendants George N. Turner, Robert L. Browning, City of Atlanta, Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe)**

95. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

96. The search and seizure of the Plaintiff by the Law Enforcement Defendants was a violation of his right to equal protection of law in that it was irrational and wholly arbitrary.

97. This procedure violates the Equal Protection Clause because of the manner of carrying out of the law enforcement function under color of state law.

98. Police simply cannot arrest honest workers without reason and cage them in hot police cars for extended periods.

99. As a result of Defendants' actions in depriving Plaintiff of his civil rights in violation of 42 U.S.C. § 1983 and the described underlying constitutional violation, Plaintiff has suffered damages, including, pain and suffering, mental anguish, and severe emotional distress.

100. Pursuant to 42 U.S.C. § 1988 and state law, Plaintiff is entitled to an award of reasonable attorney's fees and costs of litigation.

**FOURTH CLAIM FOR RELIEF**
**(First Violation of the Georgia Open Records Act [O.C.G.A. § 50-18-70, et seq.] by Plaintiff against City of Atlanta)**

101. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

102. On February 21, 2012, Plaintiff made an open records request to the Atlanta Police Department regarding the investigation into his treatment in the May 3, 2011 incident.

103. On February 27, 2012, Plaintiff's counsel received a call from Loretta Williams with the Open Records Unit and was told that records would be responded to within 3 to 4 weeks at the latest.

104. The records were never provided.

105. Plaintiff is entitled to statutory damages, declaratory relief, and injunctive relief as set forth herein.

**FIFTH CLAIM FOR RELIEF**
**(False Imprisonment)**
**(by Plaintiff against Defendant Burford's Tree, Inc.)**

106. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

107. By standing still and doing nothing in the face of Teresa Lyle-Barksdale's accusations, which it knew to be false, Defendant Burford's Tree, Inc. through its agents and employees facilitated the unlawful detention of Plaintiff and deprivation of his personal liberty. Therefore, Defendant Burford's Tree, Inc. falsely imprisoned Plaintiff, a tort for which an action for damages will lie under O.C.G.A. § 51-7-20.

108. Defendant Burford's Tree, Inc. is liable for the false imprisonment enacted by the Law Enforcement Defendants because agents and employees of Burford's Tree, Inc. knew the action to be wrongful and did nothing, all to seek to benefit their company. Therefore, upon the basis of *respondeat superior,* Defendant Burford's Tree, Inc. because its agents and employees looked on without action or they encouraged the acts of the Law Enforcement Defendants, who engaged in the false imprisonment, is liable for the tort.

109. Defendant Burford's Tree, Inc. had a duty to actively and accurately report to clear the good name of their accused and legally employed honest employee who was lawfully carrying out his assigned duties of safety flagging. Instead of meeting its duties to Plaintiff, acting toward the company's financial interest, in placating Teresa Lyle-Barksdale notwithstanding its agents' knowledge of the falsity of her accusations, Defendant Burford's Tree, Inc. breached its duty

to Plaintiff, proximately causing his false imprisonment and damages flowing therefrom.

110. Under O.C.G.A. § 51-7-22, Defendant Burford's Tree, Inc. is liable for the false imprisonment of Plaintiff.

111. As a result of Defendants' false imprisonment of him, Plaintiff has suffered damage, including pain and suffering, mental anguish, and severe emotional distress.

112. Plaintiff is entitled to damages as set forth herein.

**SIXTH CLAIM FOR RELIEF**
**(False Arrest)**
**(by Plaintiff against Defendant Burford's Tree, Inc.)**

113. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

114. The Law Enforcement Defendants arrested Plaintiff on May 3, 2011 under process (color) of law and without probable cause.

115. Plaintiff was exempt by law from the arrest. Therefore, the arrest is deemed malicious.

116. Defendant Burford's Tree, Inc. is liable under O.C.G.A. §§ 51-7-1 et seq. for the false arrest of Plaintiff, because it had a duty for its agents and employees, who had information regarding Plaintiff's innocence and lawful employment, and Teresa Lyle-Barksdale's false accusations, to truthfully report

that information to the officers on the scene rather than to acquiesce in Teresa Lyle-Barksdale's accusations, to seek to benefit the employer financially with respect to the accusations of Lyle-Barksdale at the expense of Plaintiff.

117. Defendant Burford's Tree, Inc. breached its duty to Plaintiff and proximately caused him damages.

118. Under O.C.G.A. § 51-7-22, the Defendant Burford's Tree, Inc. is liable for the false imprisonment of Plaintiff.

119. As a result of the Law Enforcement Defendants' false arrest, which Burford's Tree, Inc., its agents, and employees stood by and did nothing to prevent despite their knowledge and duty to its employee, toward the benefit of the company, Plaintiff has suffered damage, including pain and suffering, mental anguish, and severe emotional distress.

**SEVENTH CLAIM FOR RELIEF**
**(Second Violation of the Georgia Open Records Act [O.C.G.A. § 50-18-70, et seq.] by Plaintiff against City of Atlanta)**

120. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

121. On March 22, 2013, Plaintiff made an open records request to the Atlanta Police Department regarding the investigation into his treatment in the May 3, 2011 incident.

122. On March 27, 2013, Plaintiff's counsel received a call from Recruit Sauls with the Open Records Unit and was told (as before) that it would be 3 to 4 weeks at the latest on the records request.

123. The records were never provided.

124. Plaintiff is entitled to statutory damages, declaratory relief, and injunctive relief as set forth herein.

**EIGHTH CLAIM FOR RELIEF**
**(Employment Discrimination –**
**Impairment of Right to Contract Based on Race - Mistreatment)**
**(by Plaintiff against Burford's Tree, Inc.)**

125. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

126. On said date and at said time, Defendant Burford's Tree, Inc. discriminated against Plaintiff in his employment based on race when, through its agents and employees, to satisfy the false allegations of Teresa Lyle-Barksdale (white female), it sought to have Plaintiff endure treatment it knew he did not deserve when it through its employees and agents offered Plaintiff up for punishment to avoid business liability they knew was not legitimate. While in fact Teresa Lyle-Barksdale negligently operated her motor vehicle and caused it to violently strike the flag being held by Plaintiff with great force and then made accusations against Plaintiff to seek to protect herself from liability, she made false claims which Burford's Tree, Inc's employees and agents knew were false but did

not seek to stop Lyle-Barksdale's efforts because they believed their actions would protect their company.

127. After the incident a manager from Burford's Tree, Inc. called Plaintiff and indicated to him he was to pay for Teresa Lyle-Barksdale's claimed damages.

128. On May 3, 2011, Teresa Lyle-Barksdale, while talking on her phone and ignoring the rules of the road, disobeyed Plaintiff's warning, while he was acting as a flagger, using a hand-held stop sign. Upon seeing cars drive towards her in the lane she was traveling in, Teresa Lyle-Barksdale turned her car in the direction of Plaintiff.

129. Teresa Lyle-Barksdale did not stop before hitting Plaintiff.

130. While Plaintiff's injuries were minor, serious bodily injuries could have occurred.

131. At said time and place, Teresa Lyle-Barksdale failed to keep a proper lookout ahead, failed to exercise due care while operating a motor vehicle, ignored traffic control signage, failed to maintain control of the vehicle she was operating and otherwise negligently operated her motor vehicle proximately causing the collision referenced above and Plaintiff's personal injuries. Burford's managers and employees knew this and yet sought to have Ms. Lyle-Barksdale's wishes, to have Plaintiff blamed for her actions, fulfilled.

132. As a direct and proximate result of the aforementioned negligence of Teresa Lyle-Barksdale and the ensuing collision, Plaintiff sustained minor personal injury to his body and serious personal injuries to his mind, including but not limited to pain and suffering, mental anguish, and severe emotional distress.

133. Burford's and its employees and agents could have avoided the confinement of Plaintiff in the police car had they not chosen to favor Ms. Lyle-Barksdale over him.

**NINTH CLAIM FOR RELIEF**
**(Employment Discrimination –**
**Impairment of Right to Contract Based on Race – Wrongful Termination and Failure to Rehire)**
**(by Plaintiff against Burford's Tree, Inc.)**

134. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

135. Following Ms. Lyle-Barksdale's reckless driving and striking of Plaintiff with her car, Lyle-Barksdale called the police and reported a fight with a weapon.

136. Teresa Lyle-Barksdale accused Plaintiff of being an illegal immigrant.

137. Teresa Lyle-Barksdale accused Plaintiff of banging on Defendant's car with his flagging equipment.

138. Teresa Lyle-Barksdale falsely reported to the police officers as they arrived on the scene that Plaintiff banged his flagging equipment on her car.

139. Teresa Lyle-Barksdale falsely indicated that Plaintiff was an illegal immigrant.

140. Teresa Lyle-Barksdale's actions imputed to Plaintiff a crime that is punishable by law, in violation of O.C.G.A. § 16-7-21 (criminal trespass).

141. As a result of Teresa Lyle-Barksdale 's slander and/or oral defamation, and Burford's Tree, Inc. and its employees and agents' indifference to it and preference to let the Hispanic Plaintiff pay the price for the while female Teresa Lyle-Barksdale's wrongful conduct and scape goat scheme in order to benefit the company, Plaintiff suffered the miserable experiences described herein and damage, including pain and suffering, mental anguish, and severe emotional distress.

142. Ultimately, the allegations of Teresa Lyle-Barksdale resulted in Defendant Burford's Tree, Inc., Plaintiff's employer, telling him he needed to pay for Teresa Lyle-Barksdale 's damages. Plaintiff was later terminated from his employment because of his attempts to defend himself from Teresa Lyle-Barksdale's allegations, which efforts were protected communications, and has suffered significant lost wages.

143. Burford's Tree, Inc., its managers, and employees knew Lyle-Barksdale had made false statements and yet supported her, thereby discriminating

against Plaintiff and in her favor based on race for the benefit of Burford's Tree, Inc.

144. Burford's Tree, Inc. rehired some employees after its termination of Plaintiff, but did not rehire Plaintiff.

145. Burford's Tree, Inc. thereby discriminated against Plaintiff based on his race.

**TENTH CLAIM FOR RELIEF**
**(Intentional Infliction of Emotional Distress)**
**(by Plaintiff against Defendant Burford's Tree, Inc.)**

146. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

147. When Teresa Lyle- Barksdale made false claims about Plaintiff's actions and citizenship, she engaged in intentional or reckless conduct which was extreme and outrageous.

148. Defendant's actions caused severe emotional distress in Plaintiff as he feared for his freedom, safety, and well-being because of Teresa Lyle-Barksdale 's actions.

149. By helping Teresa Lyle-Barksdale when it knew that Plaintiff was in proper immigration status and that her allegations against him were false, Burford's Tree, Inc., its employees, and its agents joined in Lyle-Barksdale's conduct.

150. As a result of Burford's Tree, Inc.'s intentional infliction of emotional distress, Plaintiff has suffered damage, including pain and suffering.

**ELEVENTH CLAIM FOR RELIEF**
**(Negligent Hiring and Negligent Retention)**
**(by Plaintiff against Defendants George N. Turner, Robert L. Browning, and City of Atlanta)**

151. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

152. At least Defendants City of Atlanta, Chief George N. Turner, and Commander of Zone 2, Robert L. Browning, negligently hired and/or retained Defendants Gonsalves-Barreiro, Harris, and Doe.

153. At least Defendants City of Atlanta, Chief George N. Turner, and Commander of Zone 2, Robert L. Browning, knew or should have known that Defendants Gonsalves-Barreiro, Harris, and Doe were unfit police officers.

154. At least Defendants City of Atlanta, Chief George N. Turner, and Commander of Zone 2, Robert L. Browning, knew or should have known that placing an unfit officer such as Gonsalves-Barreiro, Harris, or Doe in a position of authority would likely result in abuse of authority, reckless or negligent performance of duty, endangerment of innocent citizens, and/or violation of citizens' constitutional rights.

155. As a direct and proximate result of Defendants City of Atlanta, Chief George N. Turner, and Commander of Zone 2, Robert L. Browning, negligently

hiring and/or negligently retaining Defendants Gonsalves-Barreiro, Harris, and Doe, Defendants deprived Plaintiff of constitutional and civil rights under the color of state law and caused Plaintiff to suffer damage, including pain and suffering, mental anguish, and severe emotional distress.

## TWELFTH CLAIM FOR RELIEF
**(Punitive Damages)**
**(by Plaintiff against all Defendants)**

156. Plaintiff repeats and re-alleges each and every allegation in the foregoing and following paragraphs as if fully set forth herein.

157. Defendants maliciously and intentionally injured Plaintiff, and their conduct evidences a willful, wanton, and reckless disregard of Plaintiff's rights, constitutional and otherwise.

158. As a result of Defendants' malicious and willful conduct, Plaintiff is entitled to a punitive damages award against Defendants.

## Prayer for Relief

WHEREFORE, Plaintiff demands trial by jury and judgment against the Defendants as follows:

a. Award Plaintiff all actual damages, including physical pain and injury, mental anguish, and emotional distress against Defendants officially and individually, jointly, and severally, in an amount to be determined by a jury at trial;

b. Award Plaintiff damages against Defendants George N. Turner, Robert L. Browning, City of Atlanta, Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe officially and individually, jointly, and severally for depriving Plaintiff of his constitutional rights in violation of 42 U.S.C. § 1983, in an amount to be determined by a jury at trial;

c. Award Plaintiff damages against Defendant Burford's Tree, Inc. for Plaintiff's false imprisonment, in an amount to be determined by a jury at trial;

d. Award Plaintiff damages against Defendant Burford's Tree, Inc. for Plaintiff's false arrest, in an amount to be determined by a jury at trial;

e. Award Plaintiff damages, including but not limited to back pay, compensatory, and punitive damages, against Defendant Burford's Tree, Inc. for its unlawful discrimination in employment against Plaintiff based on his race, in an amount to be determined by a jury at trial;

f. Award Plaintiff damages against Defendants George N. Turner, Robert L. Browning, City of Atlanta, Craig O. Gonsalves-Barreiro, Michael Harris, and John Doe officially and individually, jointly and severally for negligent performance of official duties, in an amount to be determined by a jury at trial;

g. Award Plaintiff damages against Defendants George N. Turner, Robert L. Browning, and City of Atlanta officially and individually, jointly, and

severally for negligent hiring and negligent retention, in an amount to be determined by a jury at trial;

h. Award Plaintiff punitive damages to the extent permitted by law against Defendants officially and individually, jointly, and severally;

i. Award Plaintiff social compensatory damages against Defendants officially and individually, jointly, and severally, in an amount to be determined by a jury trial as sufficient to punish Defendants and deter the behavior complained of herein;

j. Declare that the Law Enforcement Defendants violated Plaintiff's legal and constitutional rights in all the manners alleged above;

k. Declare that Burford's Tree, Inc. unlawfully discriminated against Plaintiff in his employment, in termination thereof, and its failure to rehire him, all because of his race;

l. Entry of injunction against Defendant City of Atlanta requiring a comprehensive review of the Defendant's policies concerning the execution of warrantless arrest, Defendant City of Atlanta's officers' duty to investigate and record information and evidence, arresting without probable cause, the arrestee's safety in a police car with the windows up and air conditioner off in spring and summer months, and also requiring the City of Atlanta to submit to the Court new

policies and procedures that are sufficient to safeguard the rights of the citizens of the City of Atlanta and visitors;

m. Entry of a judgment against all Defendants officially and individually, jointly, and severally for Plaintiff's reasonable attorney's fees and costs of litigation and interest;.

n. Award Plaintiff statutory damages and injunctive relief against the City of Atlanta for each instance of failure to properly respond to Plaintiff's Georgia Open Records Act Requests;

o. Declare that Defendant City of Atlanta has twice violated the Georgia Open Records Act; and

p. All other legal and equitable relief that the Court deems just, equitable, or proper.

This 3rd day of May , 2013.

Respectfully submitted,

/s/ Drew Mosley
Drew Mosley
Attorney for Plaintiff
GA Bar Number: 526406

Drew Mosley, LLC
600 S Perry St.
Lawrenceville, GA 30046
P: 678.225.0098
F: 678.221.0230
drew@mlawmail.com